UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **STREAM FAMILY LTD PARTNERSHIP ET AL** | : | CIVIL ACTION NO. 2:24-CV-00864 |
| **VERSUS** | : | JUDGE JAMES D. CAIN, JR. |
| **OCCIDENTAL CHEMICAL CORP ET AL** | : | MAGISTRATE JUDGE LEBLANC |

<u>**MEMORANDUM ORDER**</u>

Before the court is Defendants' Motion for Limited Jurisdictional Discovery. Doc. 30. Plaintiffs oppose the motion [doc. 37] and Defendants have replied [doc. 39], making this motion ripe for resolution.

For the reasons stated below, the court finds that the motion should be **GRANTED**.

**I.**
**BACKGROUND**

Plaintiffs Stream Family Limited Partnership (the "Stream Partnership") and Stream Family Trust, LLC (the "Stream LLC") (collectively, "Plaintiffs") filed suit in the 14th Judicial District Court, Calcasieu Parish, Louisiana, on May 6, 2024, naming as defendants Occidental Chemical Corporation and Indorama Ventures Olefins LLC (collectively, "Defendants"). Doc. 1, att. 1. Plaintiffs seek a judgment confirming that Defendants have no right of access to certain properties pursuant to an expired easement and that Defendants are responsible for the removal of their pipeline and equipment from such properties. *Id.* at ¶ 12.

Defendants timely removed the action to this court on June 27, 2024, invoking this court's diversity subject matter jurisdiction under 28 U.S.C. § 1332. Doc. 1, ¶ 5. In the Notice of Removal, Defendants allege that, upon information available to them, Plaintiffs are all citizens of Louisiana. *Id.* at ¶ 6. Specifically, Defendants cite to publicly available information to allege that the Stream

Partnership has a corporate general partner that is incorporated and has its principal place of business in Louisiana. Doc. 1, ¶ 10. Other than this general partner, Defendants were unable to find other information regarding the Stream Partnership's partners. *Id.* Defendants also allege that the Stream LLC is a Louisiana citizen because the only publicly available information provides that its manager, and presumably member, is Harold H. Stream, III who lives in Louisiana. *Id.* at ¶ 11. Defendants further assert that their own citizenships are New York, Texas, Delaware, North Carolina, and the Netherlands. *Id.* at ¶¶ 13-16. As they found no information indicating that Plaintiffs had a non-diverse member or partner, Defendants removed this action. *Id.* at ¶ 17.

On July 11, 2024, Plaintiffs filed their Diversity Jurisdiction Disclosure Statement, listing each partner for the Stream Partnership and each member for the Stream LLC. Doc. 11. On July 12, 2024, Plaintiffs timely filed a Motion to Remand arguing that removal was improper because both plaintiffs have a member or partner that is a citizen of Texas, making them non-diverse from Defendants. Doc. 14. On January 17, 2025, Defendants filed the instant Motion for Limited Jurisdictional Discovery. Doc. 30, p. 1. The motion asks this court to allow limited discovery regarding the citizenship of Plaintiffs' partners and members to provide Defendants and this court access to necessary jurisdictional facts. *Id.*

Defendants assert that limited discovery is warranted as a majority of the partners and members of each plaintiff are trusts ("member-trusts"). Doc. 30, att. 1. Specifically, Defendants cite the current uncertainty within the courts as to the method of determining citizenship of trusts to support their need for jurisdictional discovery. *Id.* Plaintiffs, however, argue that no additional information is needed as each member-trust is a Louisiana traditional trust that takes the citizenship of its trustees and each of which has a non-diverse trustee that is a citizen of Texas. Doc. 37, p. 8.

## II.
### LAW AND ANALYSIS

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and by statute.'" *Gunn v. Minton*, 568 U.S. 251, 256, 133 S. Ct. 1059, 1064 (2013) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994)). Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). However, a federal district court must remand the action to state court if it finds it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

District courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The diversity provisions of § 1332 require complete diversity among the parties. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S. Ct. 467, 472 (1996). The removing party bears the burden of showing federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Accordingly, the removing party bears the burden of showing that no plaintiff shares citizenship with any defendants involved in the case. *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991). Further, this court has an independent duty to analyze whether subject matter jurisdiction exists. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583, 119 S. Ct. 1563, 1570 (1999). Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Here, there is no dispute that the amount in controversy exceeds $75,000. The dispute here is whether the parties are completely diverse and, further, whether the parties and this court have enough information to determine the proper citizenship of Plaintiffs.

"[W]hile a court should determine whether it has subject matter jurisdiction at the earliest possible stage in the proceedings, some jurisdictional discovery may be warranted if the issue of

Case 2:24-cv-00864-JDC-TPL    Document 41    Filed 09/29/25    Page 4 of 9 PageID #: 502

subject matter jurisdiction turns on a disputed fact." *In re MPF Holdings US LLC*, 701 F.3d 449, 457 (5th Cir. 2012) (citing *Eckstein Marine Serv., L.L.C. v. Jackson*, 672 F.3d 310, 319-20 (5th Cir. 2012)). "The party seeking discovery must establish its necessity and does so by making 'clear which specific facts he expects discovery to find.'" *Pace v. Cirrus Design Corp.*, 93 F.4th 879, 902 (5th Cir. 2024) (internal citations omitted) (citing *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009); *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 326 (5th Cir. 2021)). When this discovery is permitted, it must occur "on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004). As with all discovery matters, however, "the question whether to permit jurisdictional discovery is committed to the district court's discretion." *Daniels v. Bull Rogers, Inc.*, No. PE:17-CV-00053, 2018 WL 7297874 at *2 (W.D. Tex. Feb. 5, 2018) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982)).

Defendants assert the issue of subject matter jurisdiction turns on the disputed fact of the member-trusts' citizenship and in turn the disputed citizenship of their trustees and/or beneficiaries. Doc. 30, att. 1, p. 16. Specifically, Defendants claim they need the operating agreement of Stream Partnership and documents demonstrating the citizenship of each partner, one of which is Stream LLC. Doc. 30, att. 1, p. 18. They assert Plaintiffs have provided only the addresses of the member-trust beneficiaries, but not information of their domicile. *Id.* They further claim that more information is needed about who has real and substantial control over the trusts' assets as this may determine the citizenship of the trust. *Id.* Likewise, Defendants also ask for more information regarding the domicile and citizenship of the trustees as Plaintiffs have only provided information regarding the potentially non-diverse trustee's residential address. *Id.*

Plaintiffs, however, argue the law is clear that the citizenship of a trust is dependent upon the citizenship of its trustees alone. Doc. 37, p. 3. Accordingly, they claim the affidavit provided by Benjamin Frost Heard, the non-diverse trustee of both the Sandra Stream Miller Insurance Trust and the Sandra Stream Miller Trust, which both determine citizenship of Plaintiffs through layers of Stream Partnership and Stream LLC, is enough to defeat diversity jurisdiction. *Id.* at p. 11. Plaintiffs also argue this is the only information Defendants need as Plaintiffs concede that the rest of the trustees are Louisiana citizens. *Id.* at p. 12.

The court agrees with Defendants. For diversity purposes, a partnership's citizenship is determined by the citizenship of all its partners, whether limited or general and a limited liability company's citizenship is determined by the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077 (5th Cir. 2008). If the members themselves are limited liability companies or other entities, "their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be." *Rodidaco, Inc. v. Chesapeake Energy La. Corp.*, No. 18-cv-0316, 2018 WL 3551525 at *1 (W.D. La. July 24, 2018). Further, an individual's citizenship is determined by her domicile, and an allegation of residency, on its own, "does not satisfy the requirement of an allegation of citizenship." *MidCap Media Finance, L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quoting *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954) and *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984) (per curiam)).

As each of the Plaintiffs have member-trusts, the trusts' citizenship will play an important role in the determination of this court's jurisdiction. The citizenship of trusts, however, requires more information than that of other business entities. Although Plaintiffs argue it is settled law that the citizenship of a trust is based on that of its trustees [doc. 37, p. 3], "[t]he determination of the

citizenship of a trust is not completely settled in the Fifth Circuit." *Barber Bro. Contracting Co., LLC v. Hanover Ins. Co.*, No. CIV.A. 13-105-SDD, 2013 WL 6230335, at *3 (M.D. La. Dec. 2, 2013). As other courts in this district have explained,

> When a trust is a party to a suit, its citizenship for purposes of diversity jurisdiction depends on the nature of the trust. *Algiers Dev. Dist. v. Vista Louisiana, LLC*, No. CV 16-16402, 2017 WL 121127, at *3 (E.D. La. Jan. 12, 2017) (citing *Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016)). In a traditional trust or when a trustee files a suit in his own name, the citizenship of the trustee controls. *Id.*; *Claret v. Port Richey Auto. Mgmt., LLC*, No. CV 18-5844, 2018 WL 2980068, at *2 (E.D. La. June 14, 2018). However, when a business trust files suit in its organizational name, its citizenship is determined by the citizenship of all of its members. *Claret*, 2018 WL 2980068 at *2 (citing *Americold Realty Tr.*, 136 S. Ct. at 1017). The members of a trust are its beneficiaries. *See id.*

*Ducote v. Louisiana S. R.R., L.L.C.*, No. CV 18-0582, 2018 WL 5993583 at *2 (W.D. La. Oct. 30, 2018), *report and recommendation adopted*, No. CV 18-0582, 2018 WL 5985692 (W.D. La. Nov. 14, 2018); *see also Schleigh v. PTC of Louisiana LLC*, No. 20-CV-0102, 2020 WL 2516165 at *1 (W.D. La. May 15, 2020) ("The citizenship of an ordinary trust is usually that of its trustee, but there are other rules depending on the precise form of the trust.").

The United States Fifth Circuit Court of Appeals in *Bynane v. Bank of New York Mellon for CWMBS, Inc.*, however, held that when a trustee is sued in its own name, the trustee's citizenship is only relevant if "it has sufficiently real and substantial control over the trust's assets." 866 F.3d 351, 358 (5th Cir. 2017). This court has also specifically held that

> A trust also takes the citizenship of its "members." *Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016) (determining that a Maryland trust's shareholders with "ownership interests" should be considered "members" for citizenship purposes). Under Louisiana law, La. R.S. 9:1801, at trust's "beneficiary is a person for whose benefit the trust is created," suggesting ownership interest analogous to membership in an unincorporated association. A trust can also, however, derive its citizenship from its trustee, depending on the degree of control the trustee exercises over the trust. *GE Oil & Gas, LLC v. Waguespack*, 523 F. Supp. 3d 926, 936 & n. 16 (W.D. La. 2021)

> (citing 13E Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3606 (3d ed. 1998)).

*Navarre-Myers v. Navarre*, Case No. 2:23-cv-00322, doc. 39, p. 4 (W.D. La. Jan. 2, 2024), *report and recommendation adopted*, Case No. 2:23-cv-00322, doc. 49 (W.D. La. Feb. 21, 2024). Accordingly, the member-trusts' citizenship may be that of its trustees or that of its beneficiaries depending on the degree of control the trustee exercises over each trust, requiring review of each trust document.

Although Plaintiffs concede that all partners/members other than the Sandra Stream Miller Trust are diverse and that each member-trust is a traditional trust, "a party may neither consent to nor waive federal subject matter jurisdiction." *Simon v. Wal–Mart Stores, Inc.,* 193 F.3d 848, 850 (5th Cir. 1999). According to Defendants, full information regarding the trusts is necessary to properly assess this court's jurisdiction and Plaintiffs have failed to provide trust documents for each member-trust and proper domicile information for each trustee and beneficiary. Doc. 30, att. 1, p. 19.

Defendants further assert there are discrepancies regarding the domicile of Benjamin Frost Heard, a trustee of a member-trust that is a partner/member of both Plaintiffs. *Id.* at pp. 19-20. Specifically, Defendants point out that Mr. Heard's affidavit of citizenship submitted by Plaintiffs attests only to his residence, but not his citizenship, which is determined by domicile. *Id.* at p. 20. They also highlight that a complaint filed in this court in 2022 by the Stream Partnership alleged that it was domiciled in Louisiana and California, but not Texas as is alleged now through Mr. Heard's citizenship. *Id.* at 19. Mr. Heard, however, was a trustee of the member-trust in question at the time of the 2022 action. *Id.*

In response, Plaintiffs assert that all the trusts are traditional as they are formed under Louisiana law which does not allow for business trusts. Doc. 37, p. 5. Plaintiffs, however, also provide the Sandra Stream Miller Trust as an attachment to their opposition which specifically states

- 7 -

that it is governed by the laws of California [doc. 38, att. 2, p. 54], where business trusts are permitted.[1] Accordingly, regardless of the nature of the trusts under the laws of other states, there is a discrepancy between Plaintiff's assertion that all member-trusts are Louisiana trusts and the California trust that was provided through prior informal discovery.

Moreover, even if all the member-trusts are traditional trusts, there are discrepancies regarding the domicile of the non-diverse trustees. As to Mr. Heard, other than the affidavit that attests only to Mr. Heard's residency, Plaintiffs only assert that the bar roll they provided showing Mr. Heard is an attorney in the State of Texas is enough to evidence domicile. Doc. 37, p. 13. Domicile, however, is determined by a variety of factors including "where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996). As the case filed by Plaintiffs in 2022 asserts California, not Texas, as its citizenship whilst Mr. Heard was a trustee and because Mr. Heard's Texas residency and license to practice law are not enough to determine domicile on their own, there is a necessity to clarify his citizenship before ruling on Plaintiffs' Motion to Remand [doc. 14].

The same goes for Harold H. Stream, III (referred to by Plaintiffs as "Spook"). While Plaintiffs claim that Mr. Stream is domiciled in Idaho [doc. 11, p. 1], an affidavit of Stream Companies' Chief Financial Advisor, provided by Plaintiffs themselves, states that as of January 30, 2025, "Spook lives in Florida but is currently considering moving to Idaho" [doc. 38. att. 6, p. 2].

---

[1] "California law recognizes 'business trusts' as a type of profit-oriented, limited liability business entity, regulated under the California Business and Professions Code." *In re Sung Soo Rim Irrevocable Intervivos Tr.*, 177 B.R. 673, 676 (Bankr. C.D. Cal. 1995).

This discrepancy also demonstrates the need for more information regarding the domicile of Stream Partnership's individual partners.

Defendants have therefore upheld their burden of showing there is disputed facts regarding the citizenship of Plaintiffs and, therefore, that there is a necessity for limited jurisdictional discovery. Accordingly, Defendants are permitted to propound limited jurisdictional discovery as there are disputed facts around the citizenship of the partners/members of Plaintiffs. Full citizenship information on each partner and member, including the trust documents of each member-trust, must be provided to allow Defendants and the court to determine whether there is subject matter jurisdiction over this case.

## III.
### CONCLUSION

For the reasons stated,

**IT IS ORDERED** the Defendants' Motion for Limited Jurisdictional Discovery [Doc. 30] is **GRANTED**. Thus,

**IT IS FURTHER ORDERED** that the parties shall have forty-five (45) days from the date of this order to conduct discovery regarding the citizenship of each member and partner of Plaintiffs, specifically, the member-trusts, the domicile of each trustee and beneficiary thereto, and who has sufficiently real and substantial control over each member-trusts' assets.

**IT IS FURTHER ORDERED** that upon conclusion of the limited jurisdictional period, Defendants shall file any opposition to plaintiffs' motion to remand within fifteen (15) days. Plaintiffs may then submit a response to any opposition within ten (10) days of Defendants' filing.

**THUS DONE AND SIGNED** in chambers this 29th day of September, 2025.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**