UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **STREAM FAMILY LIMITED PARTNERSHIP ET AL** | **CASE NO. 2:24-CV-00864** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **OCCIDENTAL CHEMICAL COR ET AL** | **MAGISTRATE JUDGE LEBLANC** |

### MEMORANDUM ORDER

Before the court are three motions to seal documents related to the parties' briefing on whether jurisdictional discovery is necessary in this matter:

- *Defendants' Unopposed Motion for Leave to File Under Seal* (the "Defendants' First Motion to Seal") [doc. 31] seeks to file under seal an unredacted version of their *Memorandum in Support of Motion for Limited Jurisdictional Discovery* and documents referenced therein as Exhibits A-C. *See* docs. 30–31.[1]

- *Plaintiffs' Unopposed Motion for Leave to File Under Seal* (the "Plaintiffs' Motion to Seal") [doc. 36] seeks to file under seal six exhibits to *Plaintiffs' Opposition to Motion for Limited Jurisdictional Discovery. See* docs. 37–38.[2]

---

[1] The redacted version of the *Memorandum in Support of Motion for Limited Jurisdictional Discovery* and placeholder exhibits appear on the docket as doc. 31, atts. 3-6. The unredacted and conditionally sealed versions of these documents appear on the docket as doc. 30, att. 1 (memo) and doc. 30, atts. 3-5 (exhibits).

[2] The unsealed version of the *Plaintiffs' Opposition to Motion for Limited Jurisdictional Discovery* appears on the docket as doc. 37, and it contains no redactions. A duplicate and conditionally sealed version the opposition memorandum appears on the docket as doc. 38 (memo) and attaches six conditionally sealed exhibits, doc. 38, atts. 1-6. Plaintiffs do not intend to seal the opposition memorandum itself.

- *Defendants' Unopposed Motion for Leave to File Under Seal* (the "Defendants' Second Motion to Seal") [doc. 40] seeks to file under seal an unredacted version of *Defendants' Reply in Support of Motion for Limited Jurisdictional Discovery*. *See* docs. 39, 40.[3]

For the following reasons, **IT IS HEREBY ORDERED** that the motions to seal [docs. 31, 36, and 40] are **DENIED** and the unredacted versions of the memoranda and exhibits shall be filed into the record. Plaintiffs may by separate motion seek to redact the attachments to the affidavit of Mark. S. Embree [doc. 38, att. 3], which appears to list the private street addresses of one or more natural persons who are not parties to this litigation.

## DISCUSSION

The information the parties seek to file under seal was produced in informal discovery in an attempt to ascertain the citizenship of the Plaintiffs, non-corporate entities, for the purposes of determining whether this Court may exercise federal diversity jurisdiction over this matter. Pursuant to an Agreed Protective Order ("APO"), Plaintiffs marked that information "Confidential." *Id.* In each of the memoranda in support of the motions to seal, the parties assert the same non-specific basis for sealing the referenced information: the information to be sealed "includes confidential and proprietary business information about the numerous entities and natural persons that comprise Stream Family Limited Partnership ('Stream Partnership') and Stream Family Trust, LLC ('Stream LLC') (collectively, the 'Plaintiffs')." Doc. 31, att. 1, p. 2; doc. 36, att. 1, p. 2; doc. 40, att. 1, p. 2. This amounts to an assertion that the material should be sealed because it is confidential. As required by the APO, the parties move to seal that information, but do so without providing a more substantial explanation of why it should be sealed from the public's view.

---

[3] The unsealed version of the *Defendants' Reply in Support of Motion for Limited Jurisdictional Discovery* appears on the docket at doc. 39, and it contains a single redaction on page 3. The conditionally sealed, unredacted version of the reply appears at doc. 40, att. 3.

The public enjoys presumptive access to documents filed on the Court's docket. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416 (5th Cir. 2021). The Court has a "solemn duty to promote judicial transparency" by undertaking "a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Id*. at 419–20 (internal quotation marks and additional citations omitted). The United States Fifth Circuit Court of Appeals recently summarized the law respecting sealing court records in this circuit:

> The public has a common law right of access to judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–98 (1978). "Judicial records are public records." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416 (5th Cir. 2021). Public access serves important interests in transparency and the "trustworthiness of the judicial process." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022) (quoting *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 210 (5th Cir. 2019)). Sealing judicial records is therefore "heavily disfavor[ed]." *Id.*
>
> This right of access, however, is "not absolute." *Nixon*, 435 U.S. at 598. "Every court has supervisory power over its own records and files," *id.*, and, when appropriate, courts may order that case documents be filed under seal, Fed. R. Civ. P. 5.2(d). To determine whether a judicial record should be sealed, the court "must undertake a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Le*, 990 F.3d at 419 (internal quotations omitted). Because of the court's duty to protect the public's right of access, the district court must balance these interests even if the parties agree to seal records. *See, e.g., BP Expl. & Prod.*, 920 F.3d at 211–12 ("[P]rivate litigants should not be able to contract [the public right of access] away.... [I]t is for judges, not litigants, to decide whether the justification for sealing overcomes the right of access."). Sealing documents should be the exception, not the rule. *Le*, 990 F.3d at 418.
>
> [ . . . ]
>
> That said, public information cannot be sealed. *June Med. Servs.*, 22 F.4th at 520. And the district court must also consider whether alternative measures, such as redaction or pseudonymity, would instead sufficiently protect the privacy interests at issue. *See, e.g., United States v. Ahsani*, 76 F.4th 441, 453 (5th Cir. 2023) (noting that redaction is often, but not always, "practicable and appropriate as the least restrictive means of safeguarding sensitive information").

*Sealed Appellant v. Sealed Appellee*, No. 22-50707, 2024 WL 980494, at *2–3 (5th Cir. Mar. 7, 2024)(footnotes omitted). A party's interest in sealing information that competitors would use to its

3

disadvantage can overcome the public's right to access judicial records. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). Only a specific threat of competitive harm may justify sealing. *Vantage Health Plan v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 451 (5th Cir. 2019).

Neither the motion to seal being unopposed nor the documents at issue being designated as "confidential" pursuant to the parties' Agreed Protective Order is dispositive or alone sufficient to warrant an order placing the documents under seal. *See Sealed Appellant*, 2024 WL 980494 at *2 (citing *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 211-12 (5th Cir. 2019)); *see also Wash World Inc. v. Belanger Inc.*, 666 F. Supp. 3d 808, 833 (E.D. Wis. 2023), *appeal dismissed*, No. 2023-1841, 2023 WL 5955228 (Fed. Cir. Sept. 13, 2023) ("Neither bare assertions of confidentiality nor the agreement of the parties is sufficient to establish the good cause necessary to warrant restricting documents from the public."); *James Lee Constr., Inc. v. Gov't Emps. Ins. Co.*, 339 F.R.D. 562, 575–76 (D. Mont. 2021) ("the Confidentiality Agreement is not dispositive of whether the documents should remain sealed under the 'compelling reasons' standard." (citation omitted)). Instead, "[t]he secrecy of judicial records, *including stipulated secrecy*, must be justified and weighed against the presumption of openness that can be rebutted only by compelling countervailing interests favoring nondisclosure." *Binh Hoa Le*, 990 F.3d at 421 (emphasis added).

The Court has conducted its review and denies the motions to seal without prejudice, finding no obviously commercially sensitive information, only ownership structure and citizenship information, which is provided for the purpose of assessing whether there is diversity jurisdiction in this matter. There are no trade secrets, pricing, operational processes, or other such competitive business information.

The exhibits sought to be sealed via Defendants first Motion to Seal [doc. 31, att. 3-6] largely contain information already in the public record. Exhibit A to the motion for jurisdictional discovery

is a table that summarizes what Defendants know of the ownership structure of the Plaintiffs, all of which are unincorporated associations that derive citizenship from their members. Doc. 31, att. 4 (unredacted version of placeholder at Doc. 30, att. 3). The first four columns merely summarize what Plaintiffs have already said about the membership of various entities in the Plaintiff's diversity disclosure statement [doc. 11], corporate disclosure statement [doc. 19], motion to remand [doc. 14] and affidavit supporting the motion to remand [doc. 14, att. 2]. Only the fifth and sixth columns provide information drawn from confidential "Documents Produced by Plaintiff," and the text in those columns simply identifies information or documents by generic label (e.g., "Lake Charles, Louisiana address," "Mark Affidavit," "First Amendment to the Operating Agreement"). There is no apparent reason to protect this information from public disclosure. Exhibit B to the motion is the proposed discovery Defendants seek to serve on Plaintiffs. Doc. 31, att. 5 (unredacted version of placeholder at Doc. 30, att. 4). Like the table, this document reveals only the ownership structure of various entities. Because the jurisdictional discovery requests are themselves the subject of a contested motion, there is a compelling reason for those requests to be made part of the record. The proposed requests are fairly extensive, and to the extent such extensive discovery is justified, it is justified by the information Defendants pull together in the ownership table and the arguments they make about unresolved uncertainties and inconsistencies as to the makeup of various entities in Plaintiffs' ownership structure. Exhibit C consists of printouts from the Notary Search feature of the Louisiana Secretary of State's website, publicly available information. Doc. 31, att. 6 (unredacted version of placeholder at Doc. 30, att. 5). Finally, the unredacted reply memorandum Defendants seek to seal via their Second Motion to Seal contains a single redacted clause, which reads, "Plaintiffs provided an affidavit from Bruce Kirkpatrick attesting that 'since 2011 no partner in Stream Family

Limited Partnership and no member in The Stream Family Trust, LLC resided in California.'" Doc. 40, att. 3, p. 3. Again, there is no apparent reason to hide this innocuous sentence from public scrutiny.

Plaintiffs' Motion to Seal [doc. 36] seeks to seal the sole document (Exhibit C) that provides its own self-evident justification for redaction, among several that do not. Exhibits A, B, D and E [doc. 38, atts 1-2, 4 and 6] are documents relating to the creation and management of Stream family trusts, and in the absence of a specific justification for shielding these documents from public view, there is no apparent reason to seal them. Although there may be sensitive information in those documents and privacy interests to protect, without a more specific statement of the nature of those privacy interests, the court cannot undertake the "line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Binh Hoa Le*, 990 F.3d at 419-21. Exhibits C and F [doc. 38, atts. 3, 6] are affidavits. Exhibit F attests to a mixup about the citizenship of the Stream Family Limited Partnership and the Stream Family Trust, LLC from prior litigation. There is no self-evident reason to seal this document. Exhibit C attests to the correctness of the citizenship of certain members of the Stream Family Trust, LLC and the Stream Family Limited Partnership. Doc. 38, att. 4. Attached to this affidavit are tables listing those members and providing the street address of certain natural person(s). Unless a dispute arises as to whether an individual is actually domiciled at his listed address, the Court sees no reason for the home address of a private individual to be made public in a dispute over diversity jurisdiction. Accordingly, leave is granted to redact that information from the record of this matter.

**SO ORDERED** at Lake Charles, Louisiana, this 29th day of September, 2025.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**