# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

STREAM FAMILY LIMITED
PARTNERSHIP, ET AL.

CASE NO.  2:24-CV-00864

VERSUS

JUDGE JAMES D. CAIN, JR.

OCCIDENTAL CHEMICAL CORP., ET AL.

MAGISTRATE JUDGE LEBLANC

## MEMORANDUM ORDER

Before the court is Defendants' Unopposed Motion for Leave to File Under Seal, filed by Defendants, Indorama Ventures Olefins, LLC ("Indorama") and Occidental Chemical Corporation ("OCC," and collectively with Indorama, the "Defendants").  Doc. 46.  The motion seeks to seal documents related to Defendants' Opposition to Plaintiffs' Motion to Remand.[1]  *Id.*

For the following reasons, **IT IS HEREBY ORDERED** that the motion to seal [doc. 46] is **DENIED** and the unredacted versions of the memoranda and exhibits shall be filed into the record.

### DISCUSSION

The parties seek to file under seal information produced in formal and informal discovery that is relevant to whether this court has diversity jurisdiction over this matter.  Pursuant to an Agreed Protective Order ("APO"), Plaintiffs marked that information "Confidential."  Doc. 46, att. 2.  In the memorandum in support of the motion to seal, the Defendants assert a non-specific basis for sealing the referenced information:  the information to be sealed includes "confidential and proprietary business information about the numerous entities and natural persons that comprise Stream Family Limited Partnership ("Stream Partnership") and Stream Family Trust, LLC

---

[1] The Defendants' Opposition to Plaintiffs' Motion to Remand appears at docket item 47; attached to the memorandum are redacted versions of Exhibits A, B, C, D, and G [doc. 47, atts. 1–4, 7] and placeholder pages for Exhibits F and H [id., atts. 6 and 8].  The unredacted versions of the exhibits appear at docket item 46.  Doc. 46, atts. 4–11.

1

("Stream LLC") (collectively, "Plaintiffs")." Doc. 46, att. 2, p. 2. Defendants also assert that "the confidential material contained in the documents being released may be detrimental to the conduct of that of Plaintiffs' businesses or the business of Plaintiffs' customers, clients, employees or former employees, and out of an abundance of caution, Defendants seek to file the documents under seal." *Id.* As required by the APO, the Defendants move to seal that information but do so without providing a more substantial explanation of why it should be sealed from the public's view.

The public enjoys presumptive access to documents filed on the Court's docket. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416 (5th Cir. 2021). The Court has a "solemn duty to promote judicial transparency" by undertaking "a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Id*. at 419–20 (internal quotation marks and additional citations omitted). The United States Fifth Circuit Court of Appeals recently summarized the law respecting sealing court records in this circuit:

> The public has a common law right of access to judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–98 (1978). "Judicial records are public records." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416 (5th Cir. 2021). Public access serves important interests in transparency and the "trustworthiness of the judicial process." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022) (quoting *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 210 (5th Cir. 2019)). Sealing judicial records is therefore "heavily disfavor[ed]." *Id.*
>
> This right of access, however, is "not absolute." *Nixon*, 435 U.S. at 598. "Every court has supervisory power over its own records and files," *id.*, and, when appropriate, courts may order that case documents be filed under seal, Fed. R. Civ. P. 5.2(d). To determine whether a judicial record should be sealed, the court "must undertake a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Le*, 990 F.3d at 419 (internal quotations omitted). Because of the court's duty to protect the public's right of access, the district court must balance these interests even if the parties agree to seal records. *See, e.g., BP Expl. & Prod.*, 920 F.3d at

2

211–12 ("[P]rivate litigants should not be able to contract [the public right of access] away.... [I]t is for judges, not litigants, to decide whether the justification for sealing overcomes the right of access."). Sealing documents should be the exception, not the rule. *Le*, 990 F.3d at 418.

[ . . . ]

That said, public information cannot be sealed. *June Med. Servs.*, 22 F.4th at 520. And the district court must also consider whether alternative measures, such as redaction or pseudonymity, would instead sufficiently protect the privacy interests at issue. *See, e.g., United States v. Ahsani*, 76 F.4th 441, 453 (5th Cir. 2023) (noting that redaction is often, but not always, "practicable and appropriate as the least restrictive means of safeguarding sensitive information").

*Sealed Appellant v. Sealed Appellee*, No. 22-50707, 2024 WL 980494, at *2–3 (5th Cir. Mar. 7, 2024)(footnotes omitted). A party's interest in sealing information that competitors would use to its disadvantage can overcome the public's right to access judicial records. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). Only a specific threat of competitive harm may justify sealing, though. *Vantage Health Plan v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 451 (5th Cir. 2019).

Neither the motion to seal being unopposed nor the documents at issue being designated as "confidential" pursuant to the parties' Agreed Protective Order is dispositive or alone sufficient to warrant an order placing the documents under seal. *See Sealed Appellant*, 2024 WL 980494 at *2 (citing *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 211-12 (5th Cir. 2019)); *see also Wash World Inc. v. Belanger Inc.*, 666 F. Supp. 3d 808, 833 (E.D. Wis. 2023), *appeal dismissed*, No. 2023-1841, 2023 WL 5955228 (Fed. Cir. Sept. 13, 2023) ("Neither bare assertions of confidentiality nor the agreement of the parties is sufficient to establish the good cause necessary to warrant restricting documents from the public."); *James Lee Constr., Inc. v. Gov't Emps. Ins. Co.*, 339 F.R.D. 562, 575–76 (D. Mont. 2021) ("the Confidentiality Agreement is not dispositive of whether the documents should remain sealed under the 'compelling reasons' standard." (citation

3

omitted)).  Instead, "[t]he secrecy of judicial records, *including stipulated secrecy*, must be justified and weighed against the presumption of openness that can be rebutted only by compelling countervailing interests favoring nondisclosure." *Binh Hoa Le*, 990 F.3d at 421 (emphasis added).

The court has conducted its review and denies the motion to seal without prejudice, finding no obviously commercially sensitive information, only information about the identities of the individuals who act as settlors, trustees, and beneficiaries of certain trusts in the ownership chains of the Plaintiffs and documents pertaining to the management of those trusts.  There are no trade secrets, pricing, operational processes, or other such competitive business information.  The court also notes that one exhibit Defendants propose to file under seal is itself already redacted of certain information.  Exhibit F [docs. 46, att. 9] is a copy of the drivers' license of an individual whose name, driver's license number, and date of birth are redacted, leaving only the address as indicia of domicile.  On the face of the documents Defendants seek to file under seal, there is no compelling reason to seal the exhibits, and Defendants provide no specific reason to seal any particular document.

Although there may be sensitive information in these documents and privacy interests to protect, without a more specific statement of the nature of those privacy interests, the court cannot undertake the "line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Binh Hoa Le*, 990 F.3d at 419-21.  Accordingly, the motion to seal is denied.

**SO ORDERED** at Lake Charles, Louisiana, this 23rd day of June, 2026.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**